IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL D. MOODY**                                                                                  **PLAINTIFF**

**v.**                                                        **CIVIL CASE NO. 3:23-CV-474-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                    **DEFENDANT**

**OPINION AND JUDGMENT**

Pursuant to 42 U.S.C. § 405(g), the plaintiff Michael D. Moody brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #25. The undersigned held a hearing on September 11, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3]  Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."  *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 1, 2019.  At step two, he found that the plaintiff had the severe impairments of disorder lumbar spine and disorder right shoulder.  At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> [H]e can lift/carry 20 pounds occasionally and 10 pounds frequently.  He can stand/walk for 4 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. He can never climb ladders or scaffolds.  He can never crouch, crawl, or work around vibration or heights. He can occasionally climb ramps and stairs. He can occasionally stoop, kneel, drive, and work around moving machinery. He can frequently finger, handle, and reach.

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

>He could sustain concentration and attention for 2-hour periods in an 8-hour workday with normal morning, noon, and afternoon breaks.

At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the light, unskilled jobs of information clerk, garment folder, and office helper. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the ALJ committed error at step two of the sequential evaluation process when he found that the plaintiff's diabetic neuropathy is not a severe impairment. The plaintiff points out that in support of this non-severity finding, the ALJ in his decision states that "claimant also noted diabetic neuropathy, but never complained of or noted in the medical records with the exception of one time," whereas the plaintiff's diagnosis, symptoms and longitudinal treatment for diabetic neuropathy are well documented in the medical records. The ALJ also found that the plaintiff's testimony concerning this impairment "is not supported by the medical evidence as there is no issue with neuropathy in the medical records." The plaintiff contends – and the court agrees – that this is an inaccurate statement, that the ALJ overlooked the medical evidence pertaining to the plaintiff's diabetic neuropathy, and that with said evidence and his administrative hearing testimony, the plaintiff made the required "*de minimis* showing that [his] impairment is severe enough to interfere with [his] ability to work." *Anthony v. Sullivan,* 954 F.2d 289, 293 n.5 (5th Cir. 1992). The ALJ's finding to the contrary is erroneous.

However, "such a conclusion does not require an automatic reversal – if the ALJ proceeds past step two, we consider whether the error was harmless." *Keel v. Saul,* 986 F.3d 551, 556 (2021). "Harmless error exists when it is inconceivable that a different administrative conclusion would have

been reached even if the ALJ did not err." *Keel,* 986 F.3d at 556. The plaintiff bears the burden of showing that the ALJ's error was prejudicial. *Jones v. Astrue,* 691 F.3d 730, 734 (5th Cir. 2012). In the present case, the court finds that the plaintiff has not met that burden.

The medical records documenting the plaintiff's treatment for diabetic neuropathy reflect that he experienced numbness of the hands and feet, diminished reflexes in the upper extremities, and absent ankle jerk reflexes. At the administrative hearing, the plaintiff testified that when his foot numbness kicks in, he has problems walking because he cannot feel where he is stepping and must watch his steps. He also testified that when he experiences tingling and numbness in his hands, which happens "a whole lot," he must use extra force when grabbing things with his hands and that he sometimes drops things. The court finds there is nothing in this evidence that supports greater functional limitations than the significant limitations assessed by the ALJ, including limitations of standing/walking for 4 hours in an 8-hour workday and frequently fingering, handling, and reaching.

Other record evidence further supports a finding of harmless error. The plaintiff's disability report submitted in connection with his application does not list diabetic neuropathy among the physical or mental conditions that limit his ability to work. The third party function report completed by the plaintiff's spouse focuses on the plaintiff's back pain and resulting functional limitations, and it makes no mention of any symptoms or functional limitations associated with his diabetic neuropathy. The physical consultative examination of the plaintiff showed a normal gait without using an assistive device, 5/5 muscle strength in all areas tested, and normal fine and gross manipulative abilities. The treatment notes in the record reflect mostly normal examinations in those areas as well. Further, as the ALJ states in the decision, the evidence of plaintiff's performance of household chores and leisure activities during the relevant time period are inconsistent with disabling neuropathy of the feet and hands.

The court concludes that the plaintiff's *de minimis* showing of the severity of his diabetic neuropathy is just that – a *de minimis* showing, and that if the ALJ had properly found it to be a severe impairment, there is no realistic possibility that the ALJ would have assessed disabling functional limitations as a result. The ALJ's step two error is therefore harmless.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is AFFIRMED.

This, the 12th day of September, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE